# Exhibit A

FILED

17 JAN 04 AM 10:41

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 17-2-00134-1 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| NORTHWEST BORING COMPANY, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>Defendant. | NO.<br><br>SUMMONS [40 DAYS]<br>[CR 4 & RCW 48.05] |

THE STATE OF WASHINGTON TO:  ZURICH AMERICAN INSURANCE COMPANY,

an insurance company named above.

**TO THE DEFENDANT:**  A lawsuit has been started against you in the above-entitled court by plaintiff NORTHWEST BORING COMPANY, INC. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 40 days after the service of this summons upon the Insurance Commissioner if said Commissioner was served pursuant to RCW 48.05, excluding the day of service, or within 40 days after service if served personally outside the state of Washington, excluding the date of

SUMMONS - 1

**Ashbaugh Beal**
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

1   service, or a default judgment may be entered against you without notice.   A default

2   judgment is one where plaintiff is entitled to what has been asked for because you have not

3   responded.  If you serve a notice of appearance on the undersigned person, you are entitled to

4   notice before a default judgment may be entered.

5          You may demand that the plaintiff file this lawsuit with the court.  If you do so, the

6   demand must be in writing and must be served upon the person signing this summons.

7   Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court,

8   or the service on you of this summons and complaint will be void.

9          If you wish to seek the advice of an attorney in this matter, you should do so promptly

10  so that your written response, if any, may be served on time.

11         **THIS SUMMONS** is issued pursuant to Rule 4 of the Superior Court Civil Rules of

12  the State of Washington and pursuant to RCW 48.05.

13         DATED this 4th day of January, 2017.

14                         ASHBAUGH BEAL

15

16         By_____
                   Zachary O. McIsaac, WSBA #35833
17                 zmcisaac@ashbaughbeal.com
                   Attorney for Plaintiff
18                 Northwest Boring Company, Inc.

19

20

21

22

23

24

SUMMONS - 2

**Ashbaugh Beal**
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

FILED

17 JAN 04 AM 10:41

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 17-2-00134-1 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| NORTHWEST BORING COMPANY, INC., a Washington corporation, <br><br> Plaintiff, <br><br> v. <br><br> ZURICH AMERICAN INSURANCE COMPANY, <br><br> Defendant. | NO. <br><br> COMPLAINT |

Plaintiff Northwest Boring Company, Inc., by and through its attorneys, Ashbaugh Beal, for its Complaint alleges as follows:

## I.   PARTIES & JURISDICTION

1.     Plaintiff Northwest Boring Company, Inc. ("NWB") is a Washington corporation domiciled in King County, Washington, and qualified to do business in the state of Washington and to maintain this action. Plaintiff has satisfied all legal requisites for maintenance of this cause of action.

2.     Defendant Zurich American Insurance Company ("Zurich") issued policies of insurance in the state of Washington. Defendant is a foreign corporation. The amount in controversy, exclusive of fees and costs, exceeds $75,000.

COMPLAINT - 1

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900 F. 206.344.7400

## II.   UNDERLYING FACTS

3.     Zurich issued two policies to NWB, Policy Nos. GLA3992148-12 and CPP0116464-00. These policies were for general liability and commercial property.

4.     In March of 2016, NWB tendered claims to both policies related to an incident involving a tunnel-boring machine on the Fremont Siphon project in Seattle, Washington. Both claims were acknowledged by Zurich, and separate adjusters were appointed.

5.     On March 21, 2016, Zurich sent a letter on behalf of the general liability policy denying the claim.   In its denial letter, Zurich contended that there was no "occurrence" and, thus, no coverage under the liability policy issued.

6.     On March 28, 2016, NWB's counsel received a voicemail from Zurich on the commercial property policy also denying the claim based on the allegation that there had been no damage to the tunnel boring machine.   In the voicemail, Zurich indicated that it would be closing its file.

## III.   CAUSE OF ACTION 1: DECLARATORY RELIEF

7.     Plaintiff is entitled to declaratory relief adjudicating the respective rights and obligations of the parties with respect to the disputes set forth above and under the policies of insurance issued by Zurich.

## IV.   CAUSE OF ACTION 2: BREACH OF CONTRACT

8.     Under the terms of the contract of insurance entered into between Zurich and NWB, Zurich owed coverage under both the general liability and the commercial property policies, and the stated reasons for denying NWB's claims were frivolous, unfounded and/or unreasonable.

COMPLAINT - 2

**Ashbaugh Beal**
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

9.     Zurich breached its obligations under the policies by unreasonably denying insurance benefits to NWB in relation to the claims submitted.

10.    Zurich breached its obligations under the policies by failing to undertake a reasonable investigation prior to denying, as required under Washington law.

11.    As a proximate result of Zurich's breach, NWB has been damaged in an amount to be proved at time of trial, and Zurich is, therefore, liable for all damages arising out of its breach.

## V.    CAUSE OF ACTION 3: BAD FAITH/COVERAGE BY ESTOPPEL

12.    Zurich's actions and omissions in handling the general liability claims submitted by NWB were unreasonable, unfounded, and frivolous under the circumstances. As such, Zurich is liable for its bad-faith conduct and is estopped from denying coverage.

## VI.   CAUSE OF ACTION 4: BREACH OF CONSUMER PROTECTION ACT

13.    Zurich's actions and omissions during the adjustment of the claims submitted by NWB, including but not limited to its failure to perform a reasonable investigation, constitute per se and non-per se unfair and deceptive acts or practices as defined in Washington's Consumer Protection Act (RCW 19.86 *et seq.*). NWB has been damaged by Zurich's conduct in an amount to be proved at time of trial as a proximate result of such unfair and deceptive acts or practices.

## VII.  CAUSE OF ACTION 5: NEGLIGENCE

14.    Zurich's actions and omissions during the adjustment of the claims submitted by NWB constitute a breach of its duty to use reasonable care in the investigation and handling of claims. NWB has been damaged as a proximate result of Zurich's negligence and has incurred damages, including attorneys' fees, as a proximate result of Zurich's negligence.

COMPLAINT - 3

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

1

## VIII.   CAUSE OF ACTION 6: INSURANCE FAIR CONDUCT ACT

2       15.   In connection with this lawsuit, NWB is serving Zurich with notice under

3   RCW 48.30.015 by certified mail. If more than 20 days pass without Zurich resolving the

4   basis of this lawsuit, NWB will be making claim under RCW 48.30.015 based on Zurich's

5   unreasonable denial of insurance benefits to NWB in relation to the claims submitted.

6                       IX.   **PRAYER FOR RELIEF**

7   WHEREFORE, plaintiff Northwest Boring Company, Inc. prays for relief as follows:

8       1.   For declaratory relief consistent with the pleadings herein;

9       2.   For monetary damages in an amount to be proved at trial;

10       3.   For treble damages, attorneys' fees, and expert costs as allowed under

11   RCW 48.30.015;

12       4.   For prejudgment interest;

13       5.   For actual attorneys' fees and costs, pursuant to *Olympic Steamship v. Centennial*,

14   *McGreevy v. Oregon Mutual*, or other applicable law;

15       6.   For such other and further relief as the Court may deem just and equitable.

16   DATED this 4th day of January, 2017.

17                  ASHBAUGH BEAL

18

19   By _____
               Zachary O. McIsaac, WSBA #35833
               zmcisaac@ashbaughbeal.com

20                  Attorney for Plaintiff
               Northwest Boring Company, Inc.

21

22

23

24

COMPLAINT - 4

**Ashbaugh Beal**
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

FILED

17 JAN 04 AM 10:41

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 17-2-00134-1 SEA

SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| Northwest Boring Company, Inc. | NO. 17-2-00134-1 SEA |
| VS | |
| Zurich American Insurance Company | CASE INFORMATION COVER SHEET AND AREA DESIGNATION |

## CAUSE OF ACTION

**(COM) -**   BREACH OF CONTRACT (COM 2)

## AREA DESIGNATION

**SEATTLE -**   Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

FILED

17 JAN 04 AM 10:41

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 17-2-00134-1 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| Northwest Boring Company, Inc.<br><br>Plaintiff(s),<br><br>vs.<br><br>Zurich American Insurance<br>Company<br><br>Respondent(s) | NO.    17-2-00134-1 SEA<br>ORDER SETTING CIVIL CASE SCHEDULE<br><br>ASSIGNED JUDGE: Bradshaw, Timothy A., Dept. 1<br><br>FILED DATE: 1/4/2017<br>TRIAL DATE: 1/2/2018<br>SCOMIS CODE: *ORSCS |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the *Summons and Complaint/Petition.* Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the *Summons and Complaint/Petition* or (2) service of the Defendant's first response to the *Complaint/Petition*, whether that response is a *Notice of Appearance*, a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**"I understand that I am required to give a copy of these documents to all parties in this case."**

| | |
|---|---|
| _____ | _____ |
| PRINT NAME | SIGN NAME |

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSS CLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$240** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of <u>all parties and claims</u> is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of <u>all parties and claims</u> is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements <u>and/or</u> Local Civil Rule 41.

**King County Local Rules are available for viewing at <u>www.kingcounty.gov/courts/clerk.</u>**

## II. CASE SCHEDULE

| √ | CASE EVENTS | DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 1/4/2017 |
| √ | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR2.1(a) and Notices on page 2]. **$220 Arbitration fee must be paid** | 6/14/2017 |
| √ | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [See KCLCR 4.2(a) and Notices on page 2] | 6/14/2017 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area [KCLCR 82(e)] | 6/28/2017 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [See KCLCR 26(k)] | 8/1/2017 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [KCLCR 26(k)] | 9/12/2017 |
| | **DEADLINE** for Jury Demand [See KCLCR 38(b)(2)] | 9/26/2017 |
| | **DEADLINE** for Change in Trial Date [See KCLCR 40(e)(2)] | 9/26/2017 |
| | **DEADLINE** for Discovery Cutoff [See KCLCR 37(g)] | 11/14/2017 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [See KCLCR16(b)] | 12/5/2017 |
| | **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLCR 4(j)] | 12/12/2017 |
| √ | **DEADLINE** to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(1)] | 12/12/2017 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [See KCLCR 56;CR56] | 12/19/2017 |
| √ | Joint Statement of Evidence [See KCLCR 4(k)] | 12/26/2017 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusion of Law with the Clerk) | 12/26/2017 |
| | Trial Date [See KCLCR 40] | 1/2/2018 |

The √ indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:   1/4/2017

_____
PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

### A. Joint Confirmation regarding Trial Readiness Report
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

### B. Settlement/Mediation/ADR
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

### C. Trial
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

## MOTIONS PROCEDURES

### A. Noting of Motions

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the

Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:** Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time. However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule. In addition, discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B. Original Documents/Working Copies/ Filing of Documents: All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application. Pre-registration to accept e-service is required. E-Service generates a record of service document that can be e-filed. Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. **Do not file the original of the proposed order with the Clerk of the Court.** Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order. The court may distribute orders electronically. Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the Ex Parte and Probate Department.** Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**
Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

_____
PRESIDING JUDGE

FILED

17 JAN 04 PM 12:26

HONORABLE TIMOTHY A. BRADSHAW
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 17-2-00134-1 SEA

1

2

3

4

5

6            IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
              IN AND FOR THE COUNTY OF KING

7

8   NORTHWEST BORING COMPANY, INC., a          NO.  17-2-00134-1 SEA
    Washington corporation,

9                                              CERTIFICATION OF SERVICE BY
                 Plaintiff,                    MAIL UPON INSURANCE
                                               COMMISSIONER
10

11       v.

    ZURICH AMERICAN INSURANCE
12  COMPANY,

13               Defendant.

14       At all times mentioned herein, I was and am now a citizen of the United States over the

15  age of 18 years.  I am competent to be a witness in this action, and I am not a party to nor

16  interested in said action.

17       On the 4th day of January, 2017, I deposited with the United States Mail, by

18  **Certified Mail, Return Receipt Requested**, duplicate copies of a 40-day Summons, the

19  Complaint, and the Order Setting Civil Case Schedule in the above-entitled matter addressed

20  as follows:

21       Office of the Insurance Commissioner
         Service of Process
22       P.O. Box 40255
         Olympia, WA  98504-0255

23
    along with a check for $10.00 pursuant to RCW 48.05.210 and/or 48.05.215.
24

CERTIFICATION OF SERVICE BY MAIL                **Ashbaugh Beal**
UPON INSURANCE COMMISSIONER - 1                 701 FIFTH AVE., SUITE 4400
                                                SEATTLE, WA 98104
                                                T. 206.386.5900  F. 206.344.7400

1    Said documents are being sent to the Insurance Commissioner to effect service upon

2    Zurich American Insurance Company, a defendant named above.

3    I, Teresa MacDonald, declare under penalty of perjury under the laws of the state of

4    Washington that the foregoing is true and correct.

5    Dated this 4th day of January, 2017, at Seattle, Washington.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

CERTIFICATION OF SERVICE BY MAIL
UPON INSURANCE COMMISSIONER - 2

**Ashbaugh Beal**
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

FILED

17 JAN 19 PM 12:16

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 17-2-00134-1 SEA

The Honorable Timothy A. Bradshaw

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
COUNTY OF KING

NORTHWEST BORING COMPANY, INC., a )
Washington corporation,                      )
                                             )
                                             )  CASE NO.  17-2-00134-1 SEA
                     Plaintiff,              )
                                             )
          v.                                 )  NOTICE OF APPEARANCE
                                             )
ZURICH AMERICAN INSURANCE                    )
COMPANY,                                     )
                                             )
                     Defendant.              )
                                             )

TO          :     Clerk of Court

TO          :     Plaintiff Northwest Boring Company, Inc.

AND TO      :     Zachary O. McIsaac, Plaintiff's Counsel of Record

PLEASE TAKE NOTICE that Defendant Zurich American Insurance Company does

hereby appear in the above-entitled action through J. Dino Vasquez of Karr Tuttle Campbell,

without waiving the defenses of:

1.   Lack of jurisdiction over subject matter;

2.   Lack of jurisdiction over the person;

3.   Improper venue;

4.   Insufficiency of service of process;

NOTICE OF APPEARANCE - 1
#1077198 v1 / 42755-009

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

5.  Insufficiency of process;

6.  Failure to state a claim upon which relief may be granted;

YOU ARE HEREBY NOTIFIED that all further papers and pleadings herein, except for original process, shall be served upon the undersigned attorneys at the address below stated.

DATED this 19th day of January, 2017.

KARR TUTTLE CAMPBELL

By:/s/ J. Dino Vasquez
    J. Dino Vasquez, WSBA No. 25533
    KARR TUTTLE CAMPBELL
    1201 Third Ave., Ste. 2900
    Seattle, WA  98101
    Telephone:  206-223-1313
    Facsimile:  206-682-7100
    E-mail; dvasquez@karrtuttle.com
Attorneys for Plaintiff Zurich American Insurance Company

NOTICE OF APPEARANCE - 2
#1077198 v1 / 42755-009

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1

## CERTIFICATE OF SERVICE

2

The undersigned certifies that on Thursday, January 19, 2017, I caused to be served the

3

foregoing document to:

4

5

6

7

8

| | |
|---|---|
| Zachary O. McIsaac, WSBA #35833 | ☒ Via U.S. Mail |
| Ashbaugh Beal | ☐ Via Hand Delivery |
| 701 Fifth Ave., Ste. 4400 | ☒ Via Electronic Mail |
| Seattle, WA 98104 | ☐ Via Overnight Mail |
| 206-386-5900 | ☐ E-service via the Court's ECF website |
| zmcisaac@ashbaughbeal.com | |
| **Attorneys for Plaintiff** | |

9

I declare under penalty of perjury under the laws of the state of Washington on

10

Thursday, January 19, 2017, at Seattle, Washington.

11

12

*/s/ Heather L. Hattrup*

Heather L. Hattrup

13

hhattrup@karrtuttle.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF APPEARANCE - 3
#1077198 v1 / 42755-009

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100